IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

                Petitioner,

        vs.

EDMUND G. BROWN, JR.,[1] Attorney
General of the State of California,

                Respondent.

No. 2:06-cv-00911-JKS

MEMORANDUM DECISION

Petitioner Joseph A. Sherman, a former county prisoner, proceeding *pro se* in this proceeding, initiated a petition for habeas corpus relief under 28 U.S.C. § 2254.  At the time he filed his petition Sherman was incarcerated in the Yolo County Jail.  According to the records in this case, Sherman has been released from custody and his term of probation terminated.[2]  Respondent has answered the petition and Sherman has filed his traverse.

## I.  BACKGROUND/PRIOR PROCEEDINGS

Sherman was convicted after a jury trial in the Yolo County Superior Court of one count of misdemeanor battery on a peace officer (California Penal Code § 243(b)) and one count of misdemeanor interference with the peaceful conduct of a university (California Penal Code § 626.6(a)(1)).  On October 15, 2004, the Yolo County Court sentenced Sherman to 365 days in the county jail on the battery on a peace officer charge and to 180 days (suspended) plus three years' probation on the interference with the peaceful conduct of a university charge.  Sherman was also sentenced to an additional five days' incarceration for contempt of court.  The Yolo County

---

[1] Edmund G. Brown, Jr., Attorney General of the State of California, is substituted for the Yolo County Sheriff.  Fed. R. Civ. P. 25(d).

[2] This does not affect the jurisdiction of this Court or render the matter moot.  *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

Court further ordered that the sentences imposed were to be served consecutively to the sentences imposed in all other cases.

Sherman timely appealed his conviction to the Appellate Department of the Yolo County Superior Court, which dismissed his appeal on procedural grounds on November 18, 2005.[3] Sherman did not seek further review of the Appellate Department dismissal in the California Court of Appeal.[4]  On November 2, 2004, while his appeal was pending, Sherman filed a Petition for Writ of Habeas Corpus challenging the contempt charge and five-day sentence in the Yolo County Superior Court, which was summarily denied on December 22, 2004.[5]  On March 15, 2005, Sherman filed a Petition for Writ of Habeas Corpus in the California Supreme Court challenging the contempt charge and five-day sentence imposed.  The court denied his petition on April 27 2005, citing *In re Swain* (1949) 34 Cal. 2d 300, 304 [209 P.2d 793].[6]  On September 30, 2005, Sherman filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Third Appellate District, which denied his petition on October 6, 2005, citing *In re Hillery* (1962) 202 Cal. App. 2d 293 [20 Cal. Rptr. 759]; *In re Harris* (1993), 5 Cal. 4th 813, 826–829 [855 P.2d 391, 396–398]; *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [886 P.2d 1252, 1258].[7]  On December 22, 2005, Sherman filed a Petition for Writ of Habeas Corpus in the California Supreme Court, which denied his petition on March 15, 2006, citing *In re Miller* (1941) 17 Cal. 2d 734 [112 P.2d 10]; *In re Clark* (1993) 5 Cal. 4th 750 [855 P.2d 729].[8]

---

[3] Lodged Doc. 3, pp. 65–66.

[4] The procedure for obtaining further review of decisions by the Appellate Department of the California Superior Court is set forth in California Rules of Court, Rules 8.1000–8.1018 [formerly Rules 61–69, renumbered without substantive change effective January 1, 2007].  In this decision the Court will cite the rule as numbered by Reorganized California Rules of Court Approved by Judicial Council, effective January 1, 2007, with parenthetical correlation to the prior rule number.

[5] Lodged Doc. 3, p. 52.

[6] Lodged Doc. 6; Sherman does not raise this ground in his petition before this Court.

[7] Lodged Doc. 4.

[8] Lodged Doc. 5.

Sherman timely filed his petition for relief in this Court April 27, 2006,[9] and his amended petition with leave of court on February 6, 2007.[10]

## II. GROUNDS PRESENTED/DEFENSES

In his amended petition Sherman raises seven grounds: (1) insufficiency of the evidence; (2) speedy trial violation; (3) improper exclusion of jury instructions; (4) unreasonable seizure of the person/prosecution without probable cause; (5) invidious selective prosecution in violation of rights under the Equal Protection Clause; (6) appellate process violated due process; and (7) improper exclusion of evidence. Respondent asserts that Grounds 1 through 3 and 5 through 7 are procedurally barred, and the fourth ground is unexhausted. Respondent raises no other affirmative defense.[11]

## III. STANDARD OF REVIEW

Because Sherman filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decisions of the California courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[12] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[13] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established

---

[9] Docket No. 1.

[10] Docket No. 10.

[11] *See* Rules—Section 2254 Cases, Rule 5(b).

[12] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[13] *Williams*, 529 U.S. at 412.

Federal law.'"[14]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[15]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[16]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[17]

In applying this standard, this Court reviews the last reasoned decision by the state court.[18]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[19]

To the extent that Sherman raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[20]  A federal court must accept that state courts correctly applied state laws.[21]

---

[14] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[15] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks and citations omitted).

[16] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[17] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[18] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[19] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[20] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[21] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

## IV.  DISCUSSION

This case is another in the series of cases brought in this Court by Sherman in his quixotic battle with the Davis Police Department, Yolo County Superior Court, Yolo County Probation Office, Yolo County District Attorney, and others over his activities in carrying out his self-described "proselytizing" in public places.[22]

A.      *Procedural Default.*

In his direct appeal Sherman raised the issues of invidious discrimination, insufficiency of the evidence, speedy trial, improper exclusion of jury instructions, invidious prosecution, and improper exclusion of evidence (Grounds 1, 2, 3, 5, and 7).   In his habeas petitions to the California Court of Appeal and California Supreme Court, Sherman raised his insufficiency of the evidence, speedy trial, invidious discrimination, improper exclusion of jury instructions, unjust delays in the appellate process, and improper exclusion of the evidence issues (Grounds 1, 2, 3, 5, 6, and 7).

His direct appeal and both habeas petitions were rejected by the California courts on state procedural grounds without reaching the merits.  Thus, according to Respondent, Sherman is procedurally barred from litigating those claims on the merits in a federal habeas proceeding in this Court.  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[23]  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[24]  "[I]n order to constitute adequate and independent

---

[22] A listing of other cases in this Court is set forth in the Appendix.

[23] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[24] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default."[25]

In Sherman's direct appeal, the Appellate Department of the Yolo County Superior Court dismissed, stating:

> In an order dated June 6, 2005, and served on appellant on June 7, 2005, this Court struck the previously filed briefs and directed appellant to proceed with preparation of a proper settlement statement as provided for in the California Rules of Court.  Appellant has failed to comply with this time deadline to obtain a settled statement on appeal.
>
> If a proposed settled statement is not served and filed within the required time, "the appellant <u>may not proceed</u> with the appeal unless relieved from the default."  (Cal. Rules of Court, rule 187.5(d), emphasis added.)  Relief from default permits an appellant to file a proposed statement later than initially required.  It does not relieve a party from complying with this requirement.
>
> On August 4, 2005, the clerk served appellant with a notice of default for failing to seek a proper settlement statement.  In that notice, appellant was advised that if he did not seek relief from his default pursuant to Rule 186(b), California Rules of Court, his appeal would be dismissed by this Court.
>
> Having failed to seek a proper record and having failed to seek relief from default, appellant cannot proceed with this appeal.  The appeal is hereby DISMISSED.[26]

As noted above, the California Court of Appeal denied his habeas petition to that court, citing *Hillery*, *Harris*, and *Duvall*.

Under *Hillery* a court of appeal has discretion to refuse to issue the writ as an exercise of original jurisdiction, on the ground that application has not been made in a lower court in the first instance, where there is no showing in the petition that any extraordinary reason exists for action by the district court of appeal rather than by the superior court.[27]  *Harris* reiterated the well-

---

[25] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotations marks and citation omitted).

[26] Lodged Doc. 3, pp. 65–66 (emphasis in the original).

[27] 20 Cal. Rptr at 760.

established rule that a habeas petition is not a substitute for appeal.[28]  In *Duvall*, the California

Supreme Court summarized the basic requirements for obtaining habeas relief in the California

courts.

> Our state Constitution guarantees that a person improperly deprived of his
> or her liberty has the right to petition for a writ of habeas corpus.  (Cal. Const., art.
> I, § 11; see *In re Clark* (1993) 5 Cal.4th 750, 764 & fn. 2, 21 Cal.Rptr.2d 509, 855
> P.2d 729 (hereafter *Clark*).)  Because a petition for a writ of habeas corpus seeks
> to collaterally attack a presumptively final criminal judgment, the petitioner bears
> a heavy burden initially to *plead* sufficient grounds for relief, and then later to
> *prove* them.  "For purposes of collateral attack, all presumptions favor the truth,
> accuracy, and fairness of the conviction and sentence; *defendant* thus must
> undertake the burden of overturning them.  Society's interest in the finality of
> criminal proceedings so demands, and due process is not thereby offended."
> (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1260, 275 Cal.Rptr. 729, 800 P.2d
> 1159, italics in original (hereafter *Gonzalez*).)
>
> To satisfy the initial burden of pleading adequate grounds for relief, an
> application for habeas corpus must be made by petition, and "[i]f the
> imprisonment is alleged to be illegal, the petition must also state in what the
> alleged illegality consists." (§ 1474, subd. 2.)  The petition should both (I) state
> fully and with particularity the facts on which relief is sought (*People v. Karis*
> (1988) 46 Cal.3d 612, 656, 250 Cal.Rptr. 659, 758 P.2d 1189 (hereafter *Karis*); *In
> re Swain* (1949) 34 Cal.2d 300, 304, 209 P.2d 793), as well as (ii) include copies
> of reasonably available documentary evidence supporting the claim, including
> pertinent portions of trial transcripts and affidavits or declarations.  (*Harris,
> supra,* 5 Cal.4th at p. 827, fn. 5, 21 Cal.Rptr.2d 373, 855 P.2d 391; *Clark, supra,*
> 5 Cal.4th at p. 791, fn. 16, 21 Cal.Rptr.2d 509, 855 P.2d 729.)  "Conclusory
> allegations made without any explanation of the basis for the allegations do not
> warrant relief, let alone an evidentiary hearing."  (*Kris, supra,* 46 Cal.3d at p. 656,
> 250 Cal.Rptr. 659, 758 P.2d 1189.)  We presume the regularity of proceedings
> that resulted in a final judgment (*In re Bell* (1942) 19 Cal.2d 488, 500, 122 P.2d
> 22), and, as stated above, the burden is on the petitioner to establish grounds for
> his release.[29]

As noted above, the California Supreme Court denied Sherman's habeas petition to that

court, citing *Miller* and *Clark*.  Under *Miller*, where there has been no change in the facts or law

substantially affecting the petitioner's rights, a petition for habeas corpus will be denied when it

---

[28] 855 P.2d at 398.

[29] 886 P.2d at 1258.

is based on the same grounds set forth in a previous petition that was denied.[30]  Denial of habeas relief in *Clark*, "rested . . . exclusively on the bar of untimeliness."[31]

Under controlling Ninth Circuit precedent:

Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.[32]

In this case, Respondent explicitly pleaded the existence of adequate state procedural grounds as an affirmative defense, thereby shifting the burden to Sherman.[33]  Sherman does not even address the procedural bar defense in his traverse, let alone contest its application.  Sherman has failed to make even a minimal showing sufficient to place the procedural bar at issue and shift the burden back to the state under *Bennett*.[34]  Because Sherman's claims were defaulted in state court on an adequate and independent state ground, they will not be considered in federal habeas proceedings unless Petitioner can demonstrate cause for the default and actual prejudice.[35]

Although in his traverse Sherman claims to have made a colorable showing of innocence establishing a fundamental miscarriage of justice, this conclusory allegation is supported solely by other conclusory statements lacking in evidentiary support.  Sherman has made a colorable showing of innocence only if his testimony and his allegation of perjury by the arresting officers are accepted as true.  In this case, the jury obviously rejected Sherman's testimony and accepted that of the arresting officers.  As discussed further below in connection with Sherman's first ground, that is a determination that this Court is precluded from reviewing in a federal habeas

---

[30] 112 P.2d at 10.  Respondent candidly concedes that the cite to *Miller* was probably incorrect, *i.e.*, although he had filed several habeas petitions in the California Supreme Court attacking similar convictions, Sherman had not attacked his conviction in the case at bar in a prior state habeas proceeding.

[31] *In re Robbins*, 959 P.2d 311, 322 n.9 (Cal. 1998).

[32] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

[33] *King v. Lamarque*, 464 F.3d 963, 967 (9th Cir. 2006).

[34] *See id.*, 464 F.3d at 968.

[35] *See Coleman v. Thompson*, 501 U.S. 722 (1991).

proceeding.  Sherman has established a fundamental miscarriage of justice only if his various conclusory allegations that the proceedings in the Yolo County Superior Court constituted nothing more than a "kangaroo proceeding" and a conspiracy between the Davis Police Department and the Yolo County District Attorney to deprive him of his rights are supported by the evidence.  As discussed further below in connection with Sherman's fifth and sixth grounds, the record contains no such evidence.  Thus, Sherman's first, second, third, fifth, sixth, and seventh grounds are procedurally barred.

B.    *Merits*.

Even if the Court were to reach those grounds on the merits, Sherman would not prevail.  When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[36]  Under controlling precedent, the scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[37]

---

[36] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[37] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).  The Court notes that under recent decisions of the Supreme Court and the Ninth Circuit, *e.g., Schriro* and *Reynoso*, the proper standard is not that the decision of the state court was "objectively reasonable," but that it was "objectively unreasonable."  To that extent, *Delgado* has been overruled.  In its analysis this Court applies the "objectively unreasonable" standard.

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[38]  The Court examines the merits of the petition through that lens.

Ground 1:  Sufficiency of the Evidence.

Reduced to its essential elements, Sherman's argument is that the witnesses against him committed perjury and that his testimony must be accepted as true.  As stated by the Supreme Court in *Jackson v. Virginia*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[39] This Court must, therefore, determine whether the assumed decisions by the California courts on the merits unreasonably applied *Jackson*.  Where, as in this case, the question is one of credibility, the finding of the jury carries the day.[40]

Petitioner misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction.  This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses.  Under *Jackson*, the role of this Court is simply to determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain the conviction.[41] Sherman's argument itself clearly establishes that such evidence exists.  Sherman, as petitioner, bears the burden of establishing by clear and convincing evidence that the factual findings of the jury were erroneous—a burden Sherman has failed to carry.

This Court cannot say that the assumed decision of the state courts applying controlling federal law was objectively unreasonable.  Sherman is not entitled to relief under his first ground.

Ground 2:  Speedy Trial Violation.

The record reflects that Sherman was arrested on August 12, 2004, arraigned and entered his plea on September 2, 2004,[42] and went to trial on October 15, 2004, 43 days later.  Sherman

---

[38] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[39] 443 U.S. 307, 319 (1979) (emphasis in the original).

[40] *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

[41] *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[42] The record also reflects that on this date, Sherman did not waive the time for trial and that the
(continued...)

contends that this violated Calif. Penal Code § 1382(a)(3).  That is not the proper issue before this Court.  The proper question before this Court is whether or not the delay violated Sherman's right to a speedy trial under the Sixth Amendment.  To determine whether Sherman's Sixth Amendment right was violated, this Court must balance the length of the delay, the reason for the delay, Sherman's assertion of this right, and prejudice to Sherman.[43]  The record does not reflect support for a finding favorable to Sherman on any one of these factors.  The Court also notes that the federal Speedy Trial Act provides for 70 days after the charges are filed or the defendant makes his first court appearance to bring a defendant to trial, whichever is later.[44]  No federal court has ever held that a trial brought within the 70-day period violated the Sixth Amendment. In the absence of any controlling authority holding that a 70-day delay violated the Sixth Amendment, this Court cannot say that the assumed decision of the California Supreme Court applying controlling law that a 43-day delay did not violate the Sixth Amendment was objectively unreasonable.[45]

Even if the Court could review the California Speedy Trial law issue, the record in this case does not show a violation of the § 1382(a)(3) requirement that he be brought to trial within 45 days of arraignment if out of custody, or 30 days if in custody.[46]  In his amended petition, Sherman states his arraignment date "occurred on approx. 22 Aug.,"[47] a statement that is contrary to the record.  Sherman also argues that the 30-day provision applied because he "was in custody

---

[42](...continued)
last day for trial was October 18, 2004.

[43] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[44] 18 U.S.C. § 3161(c)(1).

[45] *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[46] Cal. Pen. Code § 1382(a)(3) provides in relevant part: "Regardless of when the complaint is filed, when a defendant in a misdemeanor or infraction case is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, whichever occurs later, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later . . . ."

[47] Docket No. 10, p. 11.

MEMORANDUM DECISION
*Sherman v. Brown*, 2:06-cv-00911-JKS                    11

for all but the first 11 days."[48]  Section 1382(a)(3) specifically provides that the 30-day period

does not apply unless the defendant is in custody at the time of the arraignment/plea.  Sherman's

own statement in his amended petition infers that he was not in custody on September 2, 2004

(the date of arraignment/plea), and the record before this Court reflects that to be the case.  Thus,

Sherman has failed even to establish a violation of the California speedy trial law.  Even on this

basis, Sherman is not entitled to relief under his second ground.

      Ground 3:  Exclusion of Jury Instructions.

      Sherman contends that numerous jury instructions he submitted, although relevant to the

Penal Code § 626.6 charge, were rejected.  Unfortunately, the precise instructions that Sherman

requested be given do not appear in the record before this Court.  In reviewing the petition and

referring to the appellant's brief filed in (but stricken by) the Yolo County Appellate Department

on Sherman's direct appeal, it appears that these instructions were along the lines of the

following:  "A citizen who is merely talking in a location open to the public; freedom of speech

is controlling, no matter how many officials confront a citizen; 2, 4, 10, or more[.]"[49]  "Where an

entire statute in general terms infringes on the constitutional right of free speech, the statute shall

be stricken [struck] down in its entirety[.]"[50]  "Trespass statute making it a misdemeanor to

wilfully commit trespass by entering & occupying realty or structures without consent of owner

did not give bank right to terminate retroactively right originally given defendants to enter & thus

make their acts a crime."[51]  "When a business establishment invites the public generally to

patronize, . . . the fact of private ownership of the sidewalk does not operate to strip the members

of the public of their rights to exercise privileges under U.S. Const. 1st Amend. on the

sidewalk . . . [.]"[52]  The trial court did alter the instruction on the elements of Cal. Penal Code

§ 626.6, adding the following:  "Penal Code 626.6(b) states[:]  The provisions of this section

---

[48] Docket No. 10, p. 12.

[49] Docket No. 10, Amended Petition, p. 13.

[50] Appellant's Opening Brief, Lodged Doc. 3, p. 26 (alteration in original).

[51] *Id.*, p. 26.

[52] *Id.*, pp. 26–27.

shall not be utilized to impinge upon the lawful exercise of constitutionally protected rights of speech or assembly."[53]

The instruction given in this case essentially parrots the statute.  In recently addressing a similar situation, the Supreme Court held that finding an instruction that parroted a statute was unambiguous was not objectively unreasonable, stating:

> Our habeas precedent places an especially heavy burden on a defendant who, like [Sherman], seeks to show constitutional error from a jury instruction that quotes a state statute.  Even if there is some ambiguity, inconsistency, or deficiency in the instruction, such an error does not necessarily constitute a due process violation. Rather, the defendant must show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.  In making this determination, the jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.  Because it is not enough that there is some slight *possibility* that the jury misapplied the instruction, the pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.[54]

The instruction given, as modified, clearly conveyed to the jury that the statute that Sherman was charged with violating could not be utilized in a manner that impinged upon his First Amendment rights.  This Court must also assume, in the absence of evidence to the contrary, that the jury followed those instructions.[55]  The additional instructions requested by Sherman, while they may have tended to emphasize that point, were superfluous and unnecessary.  Taken in proper context, the instructions, as given, did not relieve the State of its burden of proving every element of the crime.

---

[53] *Id.*, p. 25; Lodged Doc. 1, p. 36.

[54] *Waddington v. Sarausad*, 555 U.S. ___, 129 S.Ct. 823, 831–32 (2009) (internal quotation marks and citations omitted) (emphasis in the original).

[55] *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh,* 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985).

This Court cannot say that the assumed decision of the state courts applying controlling federal law was objectively unreasonable.  Sherman is not entitled to relief under his third ground.

<u>Ground 4:  Seizure of the Person/Prosecution without Probable Cause</u>.

Respondent contends that, as to this ground, Sherman has failed to exhaust his state court remedies.  The Court agrees.  Consequently, this Court may proceed in one of three ways:  (1) dismiss the petition, allowing Sherman to strike his unexhausted claim and resubmit his petition; (2) allow Sherman to amend his petition to eliminate the unexhausted claim and hold the remainder of the petition in abeyance while Sherman exhausts his unexhausted claim in the state courts;[56] or (3) deny the petition on the merits.[57]

Sherman argues that the Davis police arrested him, and the prosecutor lacked probable cause to prosecute this action, for doing no more than exercising his right of free speech. Sherman relies on *Wayte v. United States*;[58] this reliance is misplaced.  In the context of this case, *Wayte* stands for the unremarkable proposition that as long as the prosecutor has probable cause to believe the accused has committed a criminal offense, the decision to prosecute and on what charges is left to the discretion of the prosecutor, which the courts are ill-suited to second guess.[59] Likewise, his reliance on *Terry v. Ohio*[60] and *Gerstein v. Pugh*[61] is misplaced.  Indeed, *Gerstein* eviscerates Sherman's position.  "Nor do we retreat from the established rule that illegal arrest or

---

[56] *Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 134 F.3d 981, 985–87 (9th Cir. 1998); *see Kelly v. Small*, 315 F.3d 1063, 1069–70 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).

[57] 28 U.S.C. § 2254(b)(2).

[58] 470 U.S. 598 (1985).

[59] 470 U.S. at 607.  *Wayte* is further discussed below in connection with Sherman's fifth ground.

[60] 392 U.S. 1 (1968).

[61] 420 U.S. 103 (1975).

detention does not void a subsequent conviction."[62]  Assuming, *arguendo*, the Davis police lacked probable cause to arrest Sherman, that does not affect the validity of his conviction.

Even if Sherman were correct on the law, his argument flounders on the same shoals as did his insufficiency of the evidence argument.  It requires the Court to accept as true his version of the facts and disregard the contrary testimony as being perjurious.  This, as noted above, the Court cannot do in a federal habeas proceeding.

This Court cannot say that the assumed decision of the state courts applying controlling federal law was objectively unreasonable.  Sherman is not entitled to relief under his fourth ground.[63]

Ground 5:  Invidious Selective Prosecution.

Sherman contends that he offered proof of a pattern of discriminatory prosecution by the district attorney in an affidavit in which he attests to numerous instances of false arrest (what he refers to as kidnaping under the guise of arrest) in a number of cases in which he has been vindicated by acquittal.  Analyzing Sherman's claim under the selective prosecution rubric, the Court finds it to be meritless.  As the Supreme Court has noted, "[e]ven in the criminal-law field, a selective prosecution claim is a *rara avis*."[64]

In *Wayte* the Supreme Court held in this context that:

As we have noted in a slightly different context, however, although prosecutorial discretion is broad, it is not unfettered.  Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.  In particular, the decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights.

It is appropriate to judge selective prosecution claims according to ordinary equal protection standards.  Under our prior cases, these standards

---

[62] 420 U.S. at 119, *citing Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886).

[63] The Court disagrees with Respondent that this case is controlled by *Stone v. Powell*, 428 U.S. 465 (1976).  *Stone* is inapposite because this case does not involve evidence obtained in an unconstitutional search and seizure.

[64] *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489 (1999).

require petitioner to show both that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose.[65]

In a later case, the Supreme Court explained application of the *Wayte* standard:

Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a background presumption, that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.

A selective-prosecution claim asks a court to exercise judicial power over a special province of the Executive. The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. [ ] As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

Of course, a prosecutor's discretion is subject to constitutional constraints. One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification. A defendant may demonstrate that the administration of a criminal law is directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law.

In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary. We explained in *Wayte* why courts are properly hesitant to examine the decision whether to prosecute. Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the

---

[65] 470 U.S. at 608 (citations, footnotes, and internal quotation marks omitted).

prosecutor's motives and decision making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy.

The requirements for a selective-prosecution claim draw on ordinary equal protection standards. The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.[66]

The sole evidence offered by Sherman in the context of selective prosecution involves cases in which he was the defendant. Consequently, not only has Sherman failed to present clear evidence that he was prosecuted as a result of a prosecutorial policy that had a discriminatory effect, motivated by a discriminatory basis, he failed to present any evidence. In the absence of such evidence, this Court cannot say that the assumed decision of the California Supreme Court applying controlling law was objectively unreasonable.[67] Sherman is not entitled to relief under his fifth ground.

Ground 6:  Appellate Process Violated Due Process.

In his amended petition Sherman contends that the appeal process was "repeatedly neglected & delayed willfully to petitioner's detriment."[68] Although Sherman cites numerous instances where he contends the Court did not follow procedures and delayed the appeal, these are unsupported by evidence in the record before this Court and, to a significant extent, contrary to the record. Among his many allegations are that the trial court claimed not to have received his proposed settled statement, adopted a settlement statement submitted by the District Attorney and refused to give him a copy until the last minute, a briefing schedule was not set until a year after the appeal, and he was given only a few days to file his opening brief from the time he received the briefing schedule. These allegations are not only unsupported by, but are directly contrary to, the record before this Court.

---

[66] *United States v. Armstrong*, 517 U.S. 456, 463–65 (1996) (citations and internal quotation marks omitted).

[67] *Carey v. Musladin*, 549 U.S. 70 (2006); *see Wright v. Van Patten*, 128 S. Ct. 743 (2008) (per curiam).

[68] Docket No. 10, p. 18

MEMORANDUM DECISION
*Sherman v. Brown*, 2:06-cv-00911-JKS                 17

The record does not reflect that counsel was appointed to represent him in this appeal. Sherman waived his right to counsel on appeal.[69]  Sherman specifically acknowledged that he would not be given any special consideration or assistance by the Court, had to follow the technical rules of substantive law and procedure, and was required to abide by the same rules that govern attorneys.  The records of the trial court and the Appellate Department reveal the following significant events related to the processing of Sherman's appeal:

1.     December 3, 2004:  Sherman filed his Appellant's Opening Brief.[70]

2.     December 10, 2004:  The trial court held a hearing on a draft settled statement on appeal, at which it is noted on the court minutes that both parties were given a copy of the draft and that Sherman "desires to proceed solely on CD – not on settled statement."[71]

3.     December 13, 2004:  The trial court settled the statement, finding the recordings and files to be the record of the proceedings.[72]

4.     December 16, 2004:  Sherman filed a document in four cases, including this case, entitled "Motion to Overturn Decisions Based on Deficient Transcripts; Motion to Add Statements to Settled Statement of 03-7477."[73]

5.     January 4, 2005:  The trial court entered its "Certification of Statement" ordering the "FTR recording and the court file is the Settled Statement on Appeal."[74]

6.     March 23, 2005:  The Appellate Department entered a briefing schedule, providing for Appellant's brief to be filed on or before April 11, 2005.[75]

---

[69] Lodged Doc. 3, p. 2.  In his amended petition Sherman refers to a *Marsden* motion to relieve court-appointed counsel during the appellate proceeding.  There is nothing in the record concerning this matter.

[70] Lodged Doc. 3, pp. 3–29.

[71] Lodged Doc. 2, p. 10.

[72] Lodged Doc. 2, p. 11.

[73] Lodged Doc. 2, pp. 37–39.

[74] Lodged Doc. 3, p. 53 (underlining in the original).

[75] Lodged Doc. 3, p. 54.

7.      June 6, 2005:  The Appellate Department vacated its hearing date, struck all briefs filed to date, and ordered Sherman, as the appellant, to file a proposed settled statement within 30 days.  That order spelled out the requirements for a settled statement, cited the relevant California Rules of Court and referred Sherman to a sample proposed statement on appeal in a publication of the California Continuing Education of the Bar.[76]

8.      August 4, 2005:  The Clerk of the Appellate Department sent Sherman a Notice of Default on Appeal for failure to file a proposed settled statement on appeal within the time specified in the June 6, 2005, Order.[77]

9.      November 18, 2005:  The Appellate Department entered its order dismissing the appeal.[78]

The California Rules of Court place the responsibility for preparing a proposed statement of the case on the appellant.[79]  Once the proposed settled statement is submitted, the trial court is required to fix a time for settling the statement and amendments proposed, so that the settled statement sets forth fairly and truly the evidence and proceedings relating to the specified

---

[76] Lodged Doc. 3, pp. 57–58.

[77] Lodged Doc. 3, p. 61.

[78] Lodged Doc. 3, p. 65.

[79] California Rules of Court, Rule 8.789 [formerly Rule 187.5] (repealed effective January 1, 2009):

**(d)  Proposed Statement**

Counsel for the appellant (or the appellant, if unrepresented at trial and on the appeal) shall prepare a proposed statement of the case which shall include:

(1) A summary of the grounds of the appeal complying with rule 8.784(b).

(2) A narrative statement summarizing the basic events in the case, and as much of the evidence and rulings of the court as are relevant to the appeal. Any portion of the statement may be in the form of a verbatim transcription of the sound recording.  The proposed statement shall, within 30 days after the mailing of the copy of the sound recording, be served on the opposing counsel of record or on the opposing party if unrepresented and filed in the trial court.  If the proposed statement is not served and filed within that time, or any extension, the appellant may not proceed with the appeal unless relieved from the default.

MEMORANDUM DECISION
*Sherman v. Brown*, 2:06-cv-00911-JKS                    19

grounds on appeal.[80]  Sherman contends that he did in fact submit a proposed settled statement. Although the appellate records furnished the Court do not contain a copy of any proposed settled statement, appended to Sherman's petition for habeas corpus relief filed in the California Supreme Court is a copy of what purports to be a three-page "Proposed Settled Statement & Motion for Extension of Time for Filing" dated July 12, 2005, and a "Motion for Relief From Default" dated August 5, 2005.[81]  There is no indication in the record that these were ever sent to or filed in the Yolo County Appellate Department or that they were ruled on.

---

[80] California Rules of Court, Rule 8.788 Settlement of statement or transcript [formerly Rule 187] (repealed effective January 1, 2009):

> Upon the filing of such proposed amendments or the expiration of the time for filing them, the trial judge shall forthwith fix a time for settlement of the statement or transcript, or both, which time shall be as early as the business of the court will permit, either in chambers or in open court, and cause notice to be mailed, at least five days before the time fixed, to each party, or, if any party appears by attorney, then to the attorney, if the mailing address of the party or attorney appears in the files of the case in which the appeal is taken.  The trial judge shall at the time fixed, or any other time to which the matter may be continued, settle the statement or transcript, or both, and the amendments proposed, if any, correcting, altering, or rewriting the statement or transcript, or both, as may be necessary to make it set forth fairly and truly the evidence and proceedings relating to the specified grounds of appeal or the matters set forth by the appellant in support of it.

> The appellant's specifications of grounds of appeal shall not in any case be eliminated from the settled statement.  At the time of settlement the judge may direct the appellant to engross the statement or transcript, or both, as settled.  Thereupon the appellant shall engross the statement or transcript, or both, as corrected and settled and present it to the judge for certification within five days from the date of settlement, and if the appellant fails to do so within that period or any lawful extension, the right to have the statement or transcript settled or certified shall terminate. If a statement or transcript is settled and engrossed, if engrossment is ordered, the trial judge shall certify to its correctness.  A judge may settle and certify the statement or transcript after or before ceasing to be the trial judge.  If the trial judge dies, is removed from office, becomes disqualified, or is absent from the state at the time for settling or certifying a statement or transcript, it may be settled or certified by any other judge of the court qualified to act.

> The clerk of the trial court shall promptly mail copies of the statement, as settled and certified by the judge, to counsel for the parties and to unrepresented parties, unless the judge certifies that the statement proposed and filed by the appellant was settled without significant change.

[81] Lodged Doc. 5.

MEMORANDUM DECISION
*Sherman v. Brown*, 2:06-cv-00911-JKS                    20

The most cursory review of the July 2005 proposed settled statement indicates that it does not come close to meeting the requirements of the California rule. All that the document Sherman contends constitutes a proposed settled statement contains is a brief narrative of the facts, which is incomplete and, in several instances, consists of Sherman's editorial comments. It does not specify the grounds for appeal, or contain a narrative summarizing witness testimony relevant to the issues on appeal or a factual summary of each proceeding before the trial court, all of which are necessary for an adequate settled statement.[82] Any detriment Sherman may have suffered resulted from his own inability to follow and comply with the rules.

Contrary to what Sherman may believe, in a federal habeas proceeding this Court does not review the action of the Yolo County Appellate Department. The role of this Court in a federal habeas decision is to review for constitutional error the decision of the California Supreme Court in denying Sherman's petition for habeas relief in that court. The record clearly demonstrates that Sherman failed to follow the applicable California Rules of Court. Suffice it to say that no controlling decision has held that the procedures specified in the California Rules of Court for pursuing an appeal from a misdemeanor conviction violate due process or any other constitutionally protected right. In the absence of any controlling authority so holding, this Court cannot say that the assumed decision of the California Supreme Court applying controlling law was objectively unreasonable.[83]   Sherman is not entitled to relief under his sixth ground.

<u>Ground 7:  Improper Exclusion of Evidence.</u>

Sherman contends that the trial court improperly excluded certain evidence concerning what he perceived to be a series of false arrests and a manifest conspiracy to deprive him of his civil rights by the Davis Police Department and the District Attorney. Although the record before this Court does not contain a copy of the trial court's ruling, it does contain a copy of the

---

[82] *See Ace Beverage Co. v. Municipal Court*, 20 Cal. Rptr. 2d 153, 154–55 (Cal. App. 1993); *People v. Jenkins*, 127 Cal. Rptr. 870, 875–76 (Cal. Super. 1976).

[83] *Carey v. Musladin*, 549 U.S. 70 (2006); *see Wright v. Van Patten*, 128 S. Ct. 743 (2008) (per curiam).

MEMORANDUM DECISION
*Sherman v. Brown*, 2:06-cv-00911-JKS                    21

prosecutor's motion *in limine* requesting exclusion of the evidence,[84] and it appears that the trial court granted that motion.[85]

Sherman has raised this issue before this Court in other cases. Most recently, in *Sherman v. Yolo County Chief Probation Officer*, in denying Sherman habeas relief, the Court held:

> In his fourth claim, Petitioner contends that the evidence was unjustly manipulated when the trial court granted the People's *in limine* motion "to exclude all testimony, proof, and reference to previous acts of kidnap, false arrests, etc." (Pet. at 10.) "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer,* 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). "A state court's evidentiary ruling is grounds for Federal habeas corpus relief only if it renders that state proceeding so fundamentally unfair as to violate due process." *Bueno v. Hallahan,* 988 F.2d 86, 87 (9th Cir. 1993). Petitioner contends that he was denied the opportunity to present evidence proving "the police and district attorney's conspiracy of repeated kidnapping and invidious persecution of him in a systematic attempt to ruin him." (Pet. at 10.) The trial court determined that Petitioner was barred from presenting evidence of his prior arrests and dispositions in those cases involving similar conduct because it would be hearsay and irrelevant to the issues at trial and would only confuse jurors as to the issues in dispute. (Lod. Doc. 1, at 14-15.) "It is within the trial court's discretion to determine which issues are relevant." *Wood v. Alaska,* 957 F.2d 1544, 1549 (9th Cir. 1992). Petitioner's contention that this evidence would prove an ongoing conspiracy to ruin him is unsupported by the evidence in the record.[FN7]
>
> > FN7. Petitioner contends in his application that "seven years ago" a judge in Yolo County Superior Court stated that he had "'a number of these cases come before [him] involving Mr. Sherman. What always happens is, Mr. Sherman isn't doing anything wrong and these people are violating his rights. I'm going to get an injunction myself preventing any more of this harassment if it doesn't come to a halt.'" (Pet. at 12.) Petitioner has not provided any evidentiary support for this allegation.[86]

As noted above in the discussion on Sherman's fifth ground, this evidence was not relevant to any issue before the trial court in this case. This Court agrees with, and adopts, the above reasoning and result. This Court cannot say that the assumed decision of the state courts

---

[84] Lodged Doc. 1, pp. 27–28.

[85] Lodged Doc. 2, pp. 32–33.

[86] No. 2:06-cv-02415 ALA (HC), 2008 WL 4821762, at *6 (E.D. Cal. Nov. 4, 2008).

applying controlling federal law was objectively unreasonable.  Sherman is not entitled to relief under his seventh ground.

V.  CONCLUSION and ORDER

Sherman is not entitled to relief under any ground raised in the petition.  Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[87]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated:  July 22, 2009.


                                              /s/ James K. Singleton, Jr.
                                        JAMES K. SINGLETON, JR.
                                        United States District Judge

---

[87] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

APPENDIX

| Caption | Type | Case No. | WL Cite | Disposition |
| --- | --- | --- | --- | --- |
| Sherman v. People of the State of California | Habeas | 2:02-cv-00372 | N/A | Denied; Appeal Dismissed |
| Sherman v. People of the State of California | Habeas | 2:02-cv-00373 | 2005 WL 2709515 | Denied; Appeal Dismissed |
| Sherman v. Yolo County Chief Probation Office | Habeas | 2:04-cv-01310 | 2007 WL 2853449 2007 WL 2429712 | Denied; Appeal Dismissed |
| Sherman v. City of Davis | § 1983 | 2:04-cv-02320 | 2008 WL 822180 2008 WL 553632 | Judgment against Sherman; Appeal pending |
| Sherman v. County of Yolo | § 1983 | 2:04-mc-00368 | 2005 WL 1378969 | Dismissed |
| Sherman v. Yolo County | § 1983 | 2:05-cv-01052 | N/A | Dismissed |
| Sherman v. Yolo County Sheriff | Habeas | 2:06-cv-00016 | | Pending |
| Sherman v. Yolo County Sheriff | Habeas | 2:06-cv-00017 | 2006 WL 1283658 | Dismissed |
| Sherman v. Yolo County Sheriff | Habeas | 2:06-cv-00018 | 2008 WL 5102088 2008 WL 4838555 | Denied; Appeal Pending (No COA) |
| Sherman v. Yolo County Chief Probation Officer | Habeas | 2:06-cv-00931 | 2007 WL 1894338 2006 WL 2975610 | Denied |
| Sherman v. Yolo County Chief Probation Officer | Habeas | 2:06-cv-02270 | 2006 WL 3437584 2006 WL 3060055 | Dismissed |
| Sherman v. Yolo County Chief Probation Officer | Habeas | 2:06-cv-02415 | 2008 WL 4821762 | Denied |

| CAPTION | TYPE | CASE NO. | WL CITE | DISPOSITION |
|---|---|---|---|---|
| Sherman v. Yolo County Chief Probation Officer | Habeas | 2:07-cv-01645 | 2008 WL 4933691 2008 WL 4614635 | Dismissed Appeal Pending |
| Sherman v. Yolo County Chief Probation Officer | Habeas | 2:07-cv-02055 | 2008 WL 4660797 | Dismissed |