IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. SHERMAN,<br><br>                      Petitioner,<br><br>              vs.<br><br>EDMUND G. BROWN, JR., Attorney General of the State of California,<br><br>                    Respondent. | No. 2:06-cv-00911-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 47] |

      Petitioner Joseph A. Sherman, a former county prisoner, proceeding *pro se* in this proceeding, has timely moved this Court under Federal Rule of Civil Procedure 59(e) to alter or amend the decision and judgment of this Court entered on July 22, 2009.[1]

      This Court may grant relief under Rule 59(e) under limited circumstances:  an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[2]  In his motion Sherman does not put forth any new evidence, nor has there been an intervening change in controlling authority.  Sherman's arguments are essentially a rehash of the arguments he presented in his petition.  The Court finds those arguments to be as unpersuasive as re-presented in the instant motion as they were initially.  The previous disposition by this Court was not clearly erroneous.

      **IT IS THEREFORE ORDERED THAT** the Motion for Relief from Judgment at Docket No. 47 is **DENIED**.

---

    [1] A motion to reconsider is treated as a motion under Rule 59(e) if it is filed within ten days after entry of judgment.  *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

    [2] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedures Civil § 2810.1 (2d ed. 2009).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[3]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated:  August 12, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[3] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).